ULYSSES G. MUDGETT, Executor, Appellant from decree of Judge
of Probate, Estate of JONATHAN O. FIFIELD.

Penobscot.    Opinion May 28, 1909.

*Probate Court.    Decree of Distribution.    Account of Distribution.    When Same
Must be Presented.    Jurisdiction.    Statute, 1891, chapter 49.    Revised Statutes,
chapter 65, section 7; chapter 66, sections 21, 56; chapter 67,
section 20; chapter 69, section 25.*

1.  A judge of probate has no jurisdiction to allow an account of distribution
to heirs or legatees, unless it is presented within one year after the decree
of distribution is made.    The allowance of such an account, presented
more than one year after the decree of distribution, is void and of no effect.

2.  Revised Statutes, chapter 67, section 20, among other things, provides as
follows:  "When an executor, administrator, guardian or trustee has paid
or delivered over to the persons entitled thereto the money or other prop-
erty in his hands, as required by a decree of a probate court, he may
perpetuate the evidence thereof by presenting to said court, without
further notice, within one year after the decree is made, an account of such
payments or of the delivery over of such property; which account being
proved to the satisfaction of the court, and verified by the oath of the
party, shall be allowed as his final discharge, and ordered to be recorded."
This statute is merely permissive.    It creates a privilege, but it imposes no
obligation.    The accountant may avail himself of the privilege, but is not
required to do so.    But if the accountant would avail himself of the privi-
lege, he must do so within one year after the decree of distribution is made.

On exceptions by appellant.    Sustained.    Appeal dismissed.

Appeal by Ulysses G. Mudgett, executor of the estate of Hattie
B. Fifield, from the decree of Judge of Probate allowing the account
of distribution presented by Benjamin F. Lennan, administrator of
the estate of Jonathan O. Fifield.

When the matter came on for hearing in the Supreme Judicial
Court sitting as the Supreme Court of Probate, the appellant moved
to dismiss the entire proceedings on the ground that the Probate
Court had no jurisdiction to settle and allow the account.    The
motion was overruled and the appellant excepted.    A hearing was
then had during which other exceptions were taken by the appellant.

The case is stated in the opinion.

*Ulysses G. Mudgett, and E. M. Simpson,* for appellant.

*A. H. Harding, Louis C. Stearns, and Louis C. Stearns, Jr.,* for Benjamin F. Lennan, administrator.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, KING, BIRD, JJ.

SAVAGE, J.   Appeal from allowance of administrator's account of distribution.   One Lennan was administrator of the estate of J. O. Fifield.   Having completed the administration, on his petition, a decree of distribution was made by the Probate Court, March 31, 1903.   On December 26, 1906, Lennan filed in Probate Court an account of the distribution, showing payments to the distributees, as ordered.   Notice thereon was ordered and given.   One of the distributees having died since the order of distribution was made, Ulysses G. Mudgett, her executor, appeared, and objected to the allowance of the items alleged to have been paid to the distributees. The account was allowed, however, and Mudgett appealed.   In the Supreme Court of Probate, the appellant moved to dismiss the entire proceedings, on the ground that the Probate Court had no jurisdiction to settle and allow the account.   The motion was overruled and exceptions were taken.   The case proceeded to a hearing, during which other exceptions were reserved.

The question of the jurisdiction of the Probate Court must first be considered, for if that court had no jurisdiction, the Supreme Court of Probate has none, and the appeal must be dismissed.

By Revised Statutes, chap. 65, sect. 7, it is provided in general that Judges of Probate have jurisdiction of all matters relating to the settlement of estates..   But there is no provision of statute in this State which expressly requires an administrator or executor to settle in the Probate Court an account of his distribution to distributees, on a decree obtained therefor.   Nor, prior to chapter 49 of the Laws of 1891, was there any provision which authorized the Probate Court to allow such an account, unless it is to be implied from the provisions which made it the duty of administrators and

executors to settle accounts of their administration, in general. We think this conclusion is not to be so implied.

R. S., chap. 66, sect. 56 provides that "every executor or administrator shall render his accounts agreeably to his bond." The bond of an administrator is conditioned, so far as is material to this discussion :—

"II. To administer according to law all the goods, chattels, rights and credits of the deceased.

III. To render, upon oath, a true account of his administration within one year, and at any other times when required by the judge of probate.

IV. To pay and deliver any balance, . . . remaining in his hands upon the settlement of his accounts, to such persons as the judge of probate directs." R. S., chap. 66, sect. 21.

The administering of the goods, chattels, rights and credits, and the rendering of a true account of that administration necessarily come before the decree of distribution. After such administration, and accounting, it only remains "to pay and deliver any balance." And it is noticeable that the bond makes no provision in paragraph IV for the rendering of an account after the balance is paid and delivered.

In one case only is provision made for the settling of an account on a decree of distribution, and that is in the case of an insolvent estate. R. S., chap. 69, sect. 25. And in such case the distribution is not made to distributees in the sense in which the word is used in the case of solvent estates when a balance after administration remains to be paid, but the distribution is made to creditors, and hence is a part of the administration of the estate. ·

There is no other statutory provision, except the statute of 1891, to be considered later, which touches the matter. And the provisions we have cited certainly do not confer jurisdiction on the probate court to settle an account on a decree of distribution ; and the Probate Court has no jurisdiction except that which some statute confers. We think therefore that, except in cases brought within the statute of 1891, an administrator has fully administered, so far as the estate is concerned, and so far as the Probate Court is con-

cerned, when he has reduced the assets to cash, paid the debts and specific legacies, settled his account thereof, and obtained an order of distribution of the balance in his hands to the persons entitled thereto. From that time, his duties are not to the estate, nor to the Probate Court, but to the individual distributees.

While, indeed, a distributee is protected by the administrator's bond, R. S., chap. 66, sect. 21, he also has a remedy at law against the administrator personally, if the latter fails to pay as ordered. The distributee has no claim against the estate. It is against the administrator. He must look to him, or his bond, alone. The Probate Court has no authority to interfere. If it does interfere in such a case, its action is entirely nugatory. No one's rights are affected. The reasoning in *Hanscom* v. *Marston*, 82 Maine, 288 at pages 294, 295, and *Eacott, Applt.*, 95 Maine, 522, supports this view.

Such seems also to have been the legislative view when chapter 49 of the Laws of 1891, now incorporated in R. S., chap. 67, sect. 20, was enacted. It was then provided that "when an executor, administrator, guardian or trustee has paid or delivered over to the persons entitled thereto the money or other property in his hands, as required by a decree of the Probate Court, he may perpetuate the evidence thereto by presenting to said [Probate] Court, without further notice, within one year after the decree is made, an account of such payments or of the delivery over of such property; which account being proved to the satisfaction of the court, and verified by the oath of the party, shall be allowed as his final discharge, and ordered to be recorded." If prior to this statute, the Probate Court, as is now claimed, had jurisdiction to allow such an account, it is evident that the statute was entirely unnecessary, because a party, without that statute, could perpetuate his evidence by settling an account, and the judgment of the Probate Court allowing the account, unappealed from, would be conclusive, and so would work a discharge of the accountant. It is to be observed also that the statute of 1891 is merely permissive. It creates a privilege, but it imposes no obligation. The accountant may avail himself of the privilege, but is not required to do so.

Prior to 1891, then, we conclude that the Probate Court had no jurisdiction to allow an account of distribution, and that such an allowance, if made, was of no effect.    And such is the result now in all cases not brought within the terms of the 1891 statute.    That statute applies only when the account is filed within one year after the decree of distribution is made.    In this case, the account was not filed until more than three years after the decree was made.    It follows that the Probate Court had no jurisdiction to allow the account of distribution in this case, and this court has no jurisdiction on appeal.

The court below therefore erred in overruling the motion to dismiss.    The exceptions must be sustained.    And the appeal must be dismissed for want of jurisdiction.    The allowance of the account by the Judge of Probate was entirely void and of no effect.    The entry will be,

> *Exceptions sustained.    Appeal dismissed, with costs against the administrator.    Order to be certified to the Probate Court with the direction to dismiss the proceedings on the account.*